

ORDERED in the Southern District of Florida on January 9, 2013.

_Laurel M. Isicoff, Judge_
**Laurel M. Isicoff, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:   Case No: 12-26914-LMI
    Chapter 13
LUDMILA MAGAZINIK

_____Debtor_____/

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY <u>ARLEN HOUSE EAST CONDOMINIUM ASSOCIATION</u>**

THIS CASE came to be heard on January 8, 2013 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 37; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.    The value of the debtor's real property (the "Real Property") located at

<u>100 Bayview Drive Apt 1928, North Miami Beach FL 33160</u>, and more particularly described as

**CONDOMINIUM UNIT NO. 1928 OF ARLEN HOUSE EAST CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORDS BOOK 9067, AT PAGE 931, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

is $176,730.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of <u>Arlen House East Condominium Association</u> (the "LienHolder") is $184,879.00.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of LienHolder is $<u>0.00</u> and LienHolder has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. LienHolder has an allowed secured claim in the amount of $<u>0.00</u>.

3. Because LienHolder's secured interest in the Real Property is $0, LienHolder's Lien recorded on <u>March 30, 2011</u> at OR BOOK <u>27635</u> Page <u>997</u> of the official records of <u>Miami-Dade</u> County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4. (Select only one):

   <u>  X  </u> Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed.  In

        the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    ____ Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ ____ regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

**STIBERMAN LAW, P.A.**
*Attorney for Debtor*
2601 Hollywood Blvd.
Hollywood, FL 33020-6025
Tel. (954) 922-2283
Ariel@StibermanLaw.com


Attorney <u>Robert A. Stiberman</u> is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.